**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH GORDON, | } | |
| *Plaintiff* | } | |
| | } | |
| v. | } | CIVIL ACTION  NO.  4:05-cv-00451 |
| | } | |
| CINERGY CORP., *et al*, | } | |
| *Defendant*s. | } | |

**ORDER ON BILL OF COSTS**

Before the court are (1) Defendants Cinergy Corp., Cinergy Marketing & Trading L.P., Cinergy Ltd. Holdings, L.L.C., and Cinergy General Holdings, L.L.C.'s application for bill of costs (Doc.  63); (2)  Plaintiff Joseph Gordon's ("Gordon's") objections to the bill of costs (Doc. 66); and (3) Defendants' response to those objections (Doc.  68).  For the reasons articulated below, the court ORDERS that Defendants' bill of costs for $12,147.46 (Doc.  63) is reduced by $5988.00 to a total of $6159.46.

I.    Background

On October 31, 2006, a final judgment (Doc.  62) was entered in this case after the court granted Defendants' motion for summary judgment.   Pursuant to that final judgment, the Defendants filed their bill of costs (Doc.  63) in the total amount of $12,147.46 on November 14, 2006.  Two days later, on November 16th, Gordon provided notice of his appeal (Doc.  64) of the court's decision regarding summary judgment.  On the 17th, Gordon filed his objections (Doc.  66) to the bill of costs.

Specifically, Gordon objected to Defendants' taxing the following costs: (1) copies of the videos of depositions, which totaled $5,828.00; (2) fees for copies of paper without sufficient

explanation as to their reasonable use in litigation, which totaled $676.36; and (3) the unexplained use of $160.00 for witness fees.

II.    <u>Legal Standard for Costs under Federal Rule of Civil Procedure 54(d)(1)</u>

Rule 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." Fed. R. Civ. P. 54(d)(1).  Title 28 U.S.C. § 1920 defines "costs" as used in Rule 54(d)(1).  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987); *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 404-05 n.16 (5th Cir. 2002). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1)  Fees of the clerk and marshal;
> (2)  Fees of the court reporter for all or any part of the *stenographic* transcript necessarily obtained for use in the case;
> (3)    Fees and disbursements for printing and *witnesses*;
> (4)  Fees for exemplification and copies of papers *necessarily obtained for use in the case*;
> (5)  Docket fees under section 1923 of this title;
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphasis added).  A district may only tax costs enumerated in section 1920, although it may decline to award such costs. See *Crawford Fitting*, 482 U.S. at 442-43; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994); *Jensen v. Lawler*, 338 F. Supp. 2d 739, 744 (S.D. Tex. 2004).

III.    <u>Analysis</u>

1.    COSTS FOR VIDEO DEPOSITIONS

Gordon's objection to Defendants' inclusion of costs in ordering copies of the deposition videos is valid.  Copies of videos of oral depositions are not costs generally allowed for reimbursement.  *Mota v. University of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001) (section 1920(2) only allows for the recovery of fees of all or any part of the stenographic transcript necessarily obtained for use in the case; there is no provision for videotapes of depositions); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) (same).  Indeed, Defendants do not seem to disagree.  In their response, Defendants decline to address the issue of reimbursement for video copies of depositions, and their final claim is for a total of $6319.46, which exactly subtracts the $5,828.00 at issue.  Therefore, the Defendants' improperly included $5828.00 in the original  bill of costs, and the taxable costs should be adjusted accordingly.

2.      COSTS FOR PAPER COPIES

Gordon objects to the unspecified nature of Defendants' costs ($676.36) associated with paper copies  made in this case.   A party's request for the costs of copying documents must include a showing of a sufficient nexus between the costs incurred and the litigation.  *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation.").  Gordon's objection may have originally had merit, but the Defendants' response includes sufficient detail to allow  for the inclusion of the $676.36 in the final calculation of the bill of costs.

Tonya A.  Jacobs, legal counsel for the Defendants, affirms that over 2,000 pages of documents were produced to Gordon during the course of litigation.  Declaration of Tonya A. Jacobs ("Jacobs Dec.") at ¶ 3 (Doc.  68, Ex. 1).  Jacobs further alleges that over 2,600 pages of documents were used in conjunction with pleadings  filed with the court.  *Id*.  Jacobs concludes that

"[a]s such the exemplification and copying of documents as set forth in Defendants' Bill of Costs were necessarily obtained for use in this case." *Id.*

        The court finds that this additional substantiation demonstrates that Defendants used a reasonable amount of copies to meet their litigation needs in this case.   There were a number of defendants and almost seventy (70) docket entries.  Jacobs affidavit also provides credible evidence of the amount at issue.  Thus, $676.36 will remain included in the calculation for the bill of costs.

       3.     COSTS FOR WITNESS FEES

        Gordon also objects to the inclusion of witness fees for four of Defendants' witnesses.  The fees to which witnesses are entitled are set forth in 28 U.S.C. § 1821: "[e]xcept as otherwise provided by law, a witness *in attendance* at any court of the United States . . . shall be paid the fees and allowances provided by this section."  28 U.S.C. § 1821(a)(1) (emphasis added). Section 1821 also provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." *Id.* at § 1821(b).  These types of witness fees are compensable costs that may be taxed against the non-prevailing party.  28 U.S.C. § 1920(3).

        In the present case, Defendants have requested a $40 witness fee for each of the witnesses subpoenaed in anticipation of trial.  Defendants subpoenaed four of their own witnesses for trial attendance: Brad Strong (served 10/28/06); John Daly (served 10/29/06); Bruce Sukaly (served 10/20/06); and Frank Vickers (served 10/30/06).  Jacobs Dec. at ¶ 4.   Jacobs claims those witnesses "are no longer employed by Defendants,"which necessitated the use of the subpoenas. Jacobs further attests that "[t]his case was set for trial on the two-week trial docket beginning November 6, 2006, and Defendants did not receive notice that their Motion for Summary Judgment had been granted until November 1, 2006." *Id.*  Therefore, Defendants argue, a one-day attendance fee per witness should be taxed against the Plaintiff.

The court disagrees.  A split of authority exists on whether a witness fee may be taxed when that witness does not testify.  *Compare Chang v. City of Albany,* 842 F. Supp. 1518, 1519 (N.D.N.Y. 1994) ("generally, no fee may be taxed for a person who is subpoenaed but does not testify at trial") *with Haroco, Inc.  v.  Am.  Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1442 (7th Cir. 1994) (witness fees paid to persons that were subpoenaed for depositions but not actually deposed were properly awarded as costs).  However, the Fifth Circuit has held that a district court does not abuse its discretion in refusing to tax witness fees of an expert who did not testify.  *Coats v.  Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir.  1993), *cert.  denied*, 510 U.S. 1195 (1994).   The *Coats* decision is the controlling authority on this point.  The court finds the proposition that a witness is being "compensated for their availability and readiness to testify rather than [their] actual testimony," *Haroco*, 38 F.3d at 1442, inapplicable in the current situation.   Availability and readiness hinge on the commencement of the proceedings at which the witness's presence is required.  Here, summary judgment disposed of the need for Defendants' four subpoenaed witness to be available and ready.  Moreover, calculating the total witness fee when there has not been a trial is problematic because any estimate of  the days of "attendance" calls for mere speculation.  For these reasons, the court will reduce Defendants' bill of costs by an additional $160.00.

IV.      Conclusion

Accordingly, it is hereby

**ORDERED** that Defendants' bill of costs for $12,147.46 (Doc.  63) is reduced by $5988.00 to a total of $6159.46.

SIGNED at Houston, Texas this 9th day of February, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE